Per Curiam.
On the ground that the defendant’s conviction for first-degree murder was based on inadmissible testimony, the Court of Appeals reversed the conviction, and remanded for entry of a judgment of conviction for a lesser offense. We reverse the judgment of the Court of Appeals and remand the case to that Court for consideration of the defendant’s other appellate issues. The defendant waived any issue relating to the now-disputed testimony.
i
A man named Mark Seaton was murdered in June 1997. Defendant Robert Riley acknowledged being present at the scene near the time of the death, and he later was observed in the act of stealing property from the victim’s apartment. Also involved in these events was a David Ware, whose whereabouts are unknown.
The defendant was charged with first-degree felony murder. MCL 750.316. The underlying felony was “the perpetration or attempted perpetration of a larceny.”
After the prosecution rested, the defense called Mary McKinney as its only witness. Ms. McKinney is the mother of Mr. Ware. She had no personal knowledge concerning the death of Mr. Seaton, but she had told the police of incriminating statements made to *445 her by her son. Her second-hand account to the police apparently included nothing concerning the defendant’s involvement in the killing. The evident purpose of calling Ms. McKinney as a defense witness was to bolster the defense position that Mr. Ware alone was guilty of the murder.
Unfortunately for the defendant, Ms. McKinney’s testimony at trial was more detailed than her rendition to the police had been. In telling the jury about her son’s statements, she included details concerning the defendant’s active participation in the binding and subduing of the decedent. Obviously, this was incriminating evidence against the defendant.
After Ms. McKinney completed her testimony and the jury was excused, defense counsel stated:
Some information from—in regards to my conversation with Mr. Riley in reference to the witness that just testified, Ms. McKinney. I informed Mr. Riley this morning that Ms. McKinney was here, present, ready and willing to testify. I also advised him that there was a down side of calling her to the witness stand to testify, because this was eight months after the incident. That even though she gave information to the police back in July that incriminated her son, she could conceivably incriminate Mr. Riley if he test—if she testified today. He said that he understood that possibility. Was willing to take that risk, and advised me that he wanted her to testify.
The jury convicted the defendant as charged, and the circuit court imposed the mandatory sentence of life imprisonment.
The Court of Appeals reversed the defendant’s conviction, and “remanded for entry of judgment of con *446 viction of larceny in a building and for resentencing thereon.”[1]
The prosecuting attorney has applied to this Court for leave to appeal.
n
The Court of Appeals found Ms. McKinney’s testimony to have been inadmissible. It then reversed on the ground that, without her testimony, there was insufficient evidence to convict the defendant of first-degree murder.
The Court of Appeals approached this as a Confrontation Clause[2] case because the defendant was convicted on the basis of hearsay statements originally made by the nontestifying Mr. Ware. There having been no objection to the testimony, the Court of Appeals treated this as a case of unpreserved constitutional error, which is reviewed to determine whether “plain error affected substantial rights.” People v Carines, 460 Mich 750, 763; 597 NW2d 130 (1999). Applying the standards set forth in People v Poole, 444 Mich 151, 165; 506 NW2d 505 (1993), the Court concluded:
After reviewing, all of the circumstances surrounding the portion of the statement inculpating defendant, we are convinced that it lacked sufficient indicia of reliability to provide the jury with a satisfactory basis for evaluating the truth of the statement. The admission of the statement violated defendant’s Confrontation Clause rights. There was no other evidence to corroborate that portion of McKinney’s *447 testimony. McKinney’s own corrected written statement did not include the inculpatory hearsay. Absent McKinney’s testimony, there was insufficient evidence to convict defendant of first-degree felony murder. Defendant’s conviction on that charge is therefore reversed. However, since there was sufficient evidence to support a finding of guilty on the underlying felony, we remand for entry of judgment of a conviction for larceny from a building.
The Court added, “In light of our ruling, we decline to address defendant’s other issues raised on appeal.”[3]
m
The Court of Appeals focus on the Confrontation Clause issue fails to heed this Court’s admonition that constitutional issues should not be addressed where the case may be decided on nonconstitutional grounds. Or, as we said in Booth Newspapers, Inc v Univ of Michigan Bd of Regents, 444 Mich 211, 234; 507 NW2d 422 (1993), “there exists a general presumption by this Court that we will not reach constitutional issues that are not necessary to resolve a case.” Even if we assume that a constitutional Confrontation Clause issue is presented, it is not necessary to address that issue in order to resolve this case.
*448 IV
As indicated, the Court of Appeals treated this as a case involving “unpreserved” error, since the defendant “did not object to the testimony at trial.” However, the statement that the defendant “did not object” falls short of capturing the true state of affairs—Ms. McKinney was called by the defense for the specific purpose of giving hearsay testimony about what she had been told by an accomplice to the crime.
In this instance, therefore, the defendant’s right to a trial free of such hearsay testimony was not merely unasserted. It was, for all practical purposes, affirmatively waived. The defendant himself brought Ms. McKinney to the witness stand, though the record is barren of any suggestion that she would be able to provide first-hand information.
The potential that her testimony would harm the defendant’s case also was knowingly waived. As indicated above, defense counsel says she warned the defendant that Ms. McKinney might incriminate him, but the defendant said that he understood, and was willing to take that risk. He asked that Ms. McKinney testify, nonetheless.
In evaluating this matter, we examine principles outlined in People v Carter, 462 Mich 206, 214, 215; 612 NW2d 144 (2000):
The rule that issues for appeal must be preserved in the record by notation of objection is a sound one. People v Cannes, 460 Mich 750, 762-765; 597 NW2d 130 (1999). Counsel may not harbor error as an appellate parachute. People v Pollick, 448 Mich 376, 387; 531 NW2d 159 (1995), quoting People v Hardin, 421 Mich 296, 322-323; 365 NW2d 101 (1984). “Deviation from a legal rule is ‘error’ unless the *449 rule has been waived.” United States v Olano, 507 US 725, 732-733; 113 S Ct 1770; 123 L Ed 2d 508 (1993).
* * *
Waiver has been defined as “the ‘intentional relinquishment or abandonment of a known right.’ ” Carines, supra at 762[-763], n 7, quoting Olano, supra at 733. It differs from forfeiture, which has been explained as “the failure to make the timely assertion of a right.” Id. “One who waives his' rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error.” United States v Griffin, 84 F3d 912, 924 (CA 7, 1996), citing Olano, supra at 733-734. Mere forfeiture, on the other hand, does not extinguish an “error.” Olano, supra at 733; Griffin, supra at 924-926.
The distinction between forfeiture and waiver is essential to a sound resolution of the present case. Forfeited error remains subject to appellate review in limited circumstances. Carines, 460 Mich 774. However, apparent error that has been waived is “extinguished.” Carter, 462 Mich 215-216. When a court proceeds in a manner acceptable to all parties, it is not resolving a disputed point and thus does not ordinarily render a ruling susceptible to reversal. As we said more succinctly in Carter.
Because defendant waived, as opposed to forfeited, his rights under the rule, there is no “error” to review. [462 Mich 219.]
For these reasons, the circuit court did not err in admitting the testimony of Ms. McKinney.[4] Accord *450 ingly, we reverse the judgment of the Court of Appeals, and remand this case to the Court of Appeals for consideration of the other issues raised by the defendant in that court. MCR 7.302(F)(1).
Corrigan, C.J., and Weaver, Taylor, Young, and Markman, JJ., concurred.

 Unpublished opinion per curiam, issued July 21, 2000, reh den September 20, 2000 (Docket No. 211368).

 US Const, Am VI; Const 1963, art 1, § 20.

 In a concurring opinion, Judge Holbrook agreed with the plurality of justices who said in Lilly v Virginia, 527 US 116, 134; 119 S Ct 1887; 144 L Ed 2d 117 (1999) (opinion of Stevens, J.), that “accomplices’ confessions that inculpate a criminal defendant are not within a firmly rooted exception to the hearsay rule as that concept has been defined in our Confrontation Clause jurisprudence.”

 On this record, we thus have no occasion to determine whether a defendant’s rights under the Confrontation Clause can be violated by the admission of testimony from a witness called by the defense for the purpose of giving hearsay testimony.