CORRIGAN, J.
(concurring). I concur in the result and virtually all of the reasoning of Justice MARKMAN’s lead opinion. In particular, I agree that “the judiciary has the inherent power to seek the funding necessary to sustain its ability to function serviceably in carrying out its constitutional responsibilities.” Ante at 145-146. Further, I agree with the lead opinion that on the facts of this case, the enhanced retirement benefits sought by plaintiff do not fall within the judiciary’s inherent authority to compel funding. I do not, however, join the portion of the lead opinion that adopts the reasoning set forth in Wayne Co Prosecutor v Wayne Co Bd of Comm’rs, 93 Mich App 114; 286 NW2d 62 (1979).
In general, this Court does not reach constitutional issues that are not necessary to resolve a case. People v Riley, 465 Mich 442, 447; 636 NW2d 514 (2001). In my view, the existing authorities of this Court fully support the conclusion in Justice MARKMAN’s opinion that the enhanced retirement benefits at issue here are not reasonable and necessary to the serviceability of plaintiffs court. See, e.g., Wayne Circuit Judges v Wayne Co (On Rehearing), 386 Mich 1; 190 NW2d 228 (1971) *162 ('Wayne County II), and other decisions of this Court discussed in the lead opinion.
Therefore, because plaintiffs inherent-powers claim must fail under this Court’s own case law, I do not decide whether to adopt the analytic approach set forth by the Court of Appeals in Wayne Co Prosecutor. In particular, I do not find it necessary to adopt the assertions in Wayne Co Prosecutor that “[a] serviceable level of funding is the minimum budgetary appropriation at which statutorily mandated functions can be fulfilled,” and that “[a] function funded at a serviceable level will be carried out in a barely adequate manner, but it will be carried out.” Wayne Co Prosecutor, supra at 124.
In my view, it is simply not necessary in this case to decide whether the judiciary’s inherent authority to compel funding should be limited to “minimum budgetary appropriation^]” and to functions that are carried out “in a barely adequate manner.” Kather, I decide this case on the basis of the existing authorities of this Court, which fully support our decision in this case.
For these reasons, I express no view on whether this Court should adopt the analysis outlined in Wayne Co Prosecutor. In all other respects, I concur in the analysis and conclusions set forth in Justice MARKMAN’s lead opinion.