# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RANDY HENRY BEASLEY,

        Defendant-Appellant.

UNPUBLISHED
October 13, 2016

No. 330469
Baraga Circuit Court
LC No. 15-001388-FH

---

Before: MARKEY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of assault of a prison employee, MCL 750.197c, for which he was sentenced to two to five years' imprisonment, to be served consecutively to sentences that defendant was already serving. Defendant's trial was not conducted in the county courthouse but in a building on the grounds of the Baraga Maximum Security Prison (the prison), which is where defendant was being housed at the time of trial and when he assaulted a corrections officer, giving rise to the charge and conviction. On appeal, defendant's sole argument is that his due process right to be presumed innocent was violated when the trial court held the jury trial at the prison. Defendant analogizes the situation to the improper handcuffing and shackling of a defendant in a courtroom, additionally arguing that there was no finding that defendant presented a special danger that necessitated a prison-setting trial and that other jurisdictions have found a constitutional violation under similar circumstances. We affirm.

In a notice issued by the trial court about three months before trial, the court provided the parties with the scheduled date for the jury trial and indicated that it would be held at the prison.[1]

---

[1] It appears that the trial court decided to conduct the trial at the prison as a matter of course under administrative order 1993-1, which was issued by the Chief Judge of the Twelfth Judicial Circuit Court in May 1993 upon the opening of the prison. The Twelfth Circuit covers Baraga, Houghton, and Keweenaw Counties, and the Board of Commissioners for each county approved the order. Additionally, the State Court Administrative Office accepted the order and found that it conformed to the requirements of MCR 8.112(B), which allows a trial court to issue

-1-

The trial court also directed the parties to timely file any motions and briefs to "address all issues which counsel anticipate may require rulings by the [c]ourt during trial." A few weeks later, a pretrial hearing was conducted, and the parties and the trial court discussed a variety of issues, none of which entailed the location of the scheduled jury trial. By the date of trial, defendant had not filed any motion, objection, or brief pertaining to the fact that the trial was going to take place at the prison. Indeed, defendant launched into jury voir dire and the trial itself absent any hint that he objected to or desired to challenge the court's decision to hold the trial on the grounds of the prison. Before the start of voir dire, the trial court had specifically asked the attorneys whether there were "any matters which . . . counsel would wish to address prior to the jury . . . being brought into the courtroom." Defense counsel responded by indicating that he had a witness list that he wanted to bench file and that he had an objection to an MRE 404(b) notice. Defense counsel then stated that he had nothing else for the court to address and was ready for the jury panel to enter the courtroom. Defense counsel actively engaged in voir dire, peppering the venirepersons with questions about their ability to be fair and unbiased despite the prison setting, as did the trial court and prosecutor. Not until after his conviction and sentence did defendant voice an argument that the trial should never have been conducted at the prison in the first place, raising the issue for the first time on appeal.

Waiver is the intentional relinquishment or abandonment of a known right, whereas forfeiture concerns a failure to timely assert a right. *People v Riley*, 465 Mich 442, 449; 636 NW2d 514 (2001). "Forfeited error remains subject to appellate review in limited circumstances." *Id.* On the other hand, waiver extinguishes any error, and a party who waives his or her rights under a rule cannot seek appellate review of a claimed deprivation of those rights. *Id.*; *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2001). Affirmative approval of a court's decision or action constitutes waiver, and a failure to object qualifies as forfeiture. *Carter*, 462 Mich at 216. Defendant never expressly or affirmatively stated that he approved of having the trial at the prison. However, all of the surrounding circumstances, including the fact that defendant knew three months before trial that it was scheduled to take place at the prison and that defense counsel affirmatively expressed before voir dire that he had no matters for the court to address beyond those unrelated to the locale of the trial, pointed to a waiver of the argument now being made on appeal. See *Riley*, 465 Mich at 449 ("When a court proceeds in a manner acceptable to all parties, it is not resolving a disputed point and thus does not ordinarily render a ruling susceptible to reversal."). Defense counsel was aware of the due process right to a presumption of innocence and the potential constitutional dangers posed by a trial being conducted at a prison, where counsel generally alluded to those matters in conducting voir dire. Therefore, it is not unreasonable to conclude that there was an intentional abandonment of a known right to have the trial conducted in a location that would not taint the presumption of

administrative orders governing internal court management. The order permits trials to be held at the prison when charges concern an existing prisoner's acts and conduct while being incarcerated at the prison. The order recognizes and emphasizes that the prison is a maximum security prison, indicating that the purpose of the order is to protect members of the general public and employees of the court and the prison in light of the potential danger posed by the types of criminals housed at the prison. The order also states that the warden of the prison was providing a "room within the facility to be utilized as a courtroom."

innocence. The principle that a party may not harbor error as an appellate parachute, *id.* at 448, would seem applicable here.

Nevertheless, even if we entertain and treat defendant's appellate argument under the plain-error test on the basis of forfeited error, reversal is not warranted. In *People v Vaughn*, 491 Mich 642, 654; 821 NW2d 288 (2012), our Supreme Court observed:

> [T]he failure to assert a constitutional right ordinarily constitutes a forfeiture of that right. In analyzing a forfeited claim of error, a defendant is not entitled to relief unless he can establish (1) that the error occurred, (2) that the error was "plain," (3) that the error affected substantial rights, *and (4) that the error either resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings.* [Citations omitted; emphasis added.[2]]

We shall proceed on the assumption that the first three prongs of the plain-error test have been satisfied. With respect to the fourth prong, we initially hold that any presumed plain error in conducting the trial at the prison did not result in the conviction of an actually innocent defendant. The evidence of defendant's guilt of assault of a prison employee, which included video surveillance footage from a prison camera that captured part of the assault, was overwhelming. There was strong evidence that defendant tried to head butt a corrections officer, that defendant then engaged in spitting, kicking, and attempted biting, that prison staff made efforts to place leg irons on defendant to control the situation, which defendant fought, and that the assaulted corrections officer finally had to employ a personal chemical agent to subdue defendant. Defendant's guilt is not really in question.

Next, we cannot conclude that any presumed plain error in conducting the trial at the prison *seriously* affected the fairness, integrity, or public reputation of the judicial proceedings. We first note that because defendant was charged with assault of a prison employee, the jury was instructed that the prosecution had to prove that defendant was confined at the prison, that he was confined there legally, and that defendant assaulted a prison employee, all of which elements were supported by abundant evidence submitted by the prosecution. Accordingly, even had this case been tried in a regular courtroom at the county courthouse, the jury would still have been fully aware of defendant's connection to the prison and his incarceration. Also, as touched on briefly above, the trial court, prosecutor, and defense counsel essentially made a concerted effort to determine whether prospective jurors had the ability or capacity to give defendant a fair trial considering the prison setting for the trial. And jurors who indicated a view unfavorable to defendant because of the trial's locale were excused for cause or eliminated through peremptory challenges. Finally, the trial court instructed the jurors that they had to start with the presumption that defendant was innocent, and the court explained the presumption to the jury.

---

[2] We note that even with respect to forfeited structural error, the fourth prong of the plain-error test must be established in order to support reversal. *Vaughn*, 491 Mich at 666-667.

Jurors are presumed to follow a trial court's instructions. *People v Mahone*, 294 Mich App 208, 218; 816 NW2d 436 (2011).  In sum, reversal is unwarranted under the plain-error test.

Affirmed.


/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Amy Ronayne Krause