# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 23, 2016

153435

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

THOMAS JOSEPH AGAR,
      Defendant-Appellee.
_____/

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

SC: 153435
COA: 321243
St. Clair CC: 13-001935-FH

On order of the Court, the application for leave to appeal the March 22, 2016 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE Part III of the Court of Appeals judgment entitled "DENIAL OF DUE PROCESS." *People v Riley*, 465 Mich 442, 447 (2001). We also REVERSE in part the judgment of the Court of Appeals to the extent that the Court of Appeals vacated the defendant's convictions and ordered a new trial. We do not disturb the Court of Appeals determination that "[i]t was an abuse of discretion to deny the defendant access to an expert witness" under MCL 775.15. However, the error in denying funds may not have prejudiced the defendant, and, at this point in the proceedings, it would be premature to vacate the defendant's convictions before the results of independent forensic analysis are known. We REMAND this case to the St. Clair Circuit Court for further proceedings not inconsistent with this order.

Within 56 days of the date of this order, the trial court shall provide funds sufficient to permit the defendant to obtain his own expert on computer forensic analysis. Within 56 days of the provision of such funds, the defendant shall file a statement in the trial court indicating whether he will seek further relief under either MCL 775.15, the Due Process Clause of the US Constitution, or both based on the expert's evaluation and, if so, shall attach an offer of proof indicating how the expert's testimony would be material and favorable to the defense. The trial court may extend the time for filing this statement on good cause shown. Within 56 days of the filing of the statement, the trial court shall address in writing whether the absence of a defense expert sufficiently prejudiced the defendant such that a new trial is warranted.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 23, 2016



a1116

Clerk