# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SEAN PATRICK MAREK,

Defendant-Appellant.

UNPUBLISHED
December 12, 2017

No. 332722
Mecosta Circuit Court
LC No. 14-008224-FC

Before: O'CONNELL, P.J., and BECKERING and STEPHENS, JJ.

PER CURIAM.

Defendant, Sean Patrick Marek, appeals as of right a judgment of sentence for two convictions for first-degree criminal sexual conduct (CSC-I), MCL 750.520b (defendant 17 years or older and victim less than 13 years of age). The trial court sentenced Marek as a fourth habitual offender, MCL 769.12, to concurrent prison terms of 25 to 45 years. We affirm.

## I. BACKGROUND

In August 2014, after the Michigan State Police received a complaint from Child Protective Services (CPS) that Marek assaulted L.P., his girlfriend's daughter, Marek voluntarily went to the police station to speak with the police. Michigan State Police Detective Specialist Trooper Kyle Gorham interviewed Marek. Trooper Gorham gave Marek an "advice of rights" sheet and time to read the document, asked Marek to recite portions of the document, and directed Marek to sign the document to acknowledge that he understood his rights. Trooper Gorham did not record the interview, even though the police department had the technical capability to do so.

At the interview, Marek described one night when he placed his finger inside L.P.'s vagina while she was sleeping. Marek described a second incident when he penetrated L.P.'s anus. Marek wrote a confession and penciled a drawing illustrating how far he inserted his penis into L.P.'s anus. After the interview, Marek went home. Two days later, the prosecution charged Marek with two counts of CSC-I.

Marek moved to suppress evidence of the confession. After a *Walker*[1] hearing, the trial court ruled the evidence admissible, concluding that Marek was not subject to a custodial interrogation and that he gave a voluntary confession. At trial, L.P. also testified about the assaults, and the prosecution added a third charge of CSC-I. Marek denied the allegations and recanted his written confession and drawing. The jury found Marek guilty of two counts of CSC-I and not guilty of the third count of CSC-I.

Marek moved for a new trial, alleging that trial counsel was ineffective because he failed to call an expert witness who would have undermined the voluntariness of the confession. After a *Ginther*[2] hearing, the trial court denied the motion, reasoning that trial counsel's decision not to call the witness was sound trial strategy because the witness's report contained statements from Marek that bolstered L.P.'s credibility and suggested that Marek did assault her.

## II. ANALYSIS

### A. ADMISSIBILITY OF CONFESSION

Marek first argues that evidence of the confession was not admissible. We disagree.

We review de novo a trial court's ruling on a motion to suppress a defendant's statements made to the police. *People v Akins*, 259 Mich App 545, 563; 675 NW2d 863 (2003). Whether a defendant was in custody is a mixed question of law and fact. *People v Coomer*, 245 Mich App 206, 219; 627 NW2d 612 (2001). We review underlying fact findings for clear error, affirming them unless we are "left with a definite and firm conviction that a mistake was made." *People v Gipson*, 287 Mich App 261, 264; 787 NW2d 126 (2010). We defer to the trial court's credibility determinations and weighing of the evidence. *Id*.

A defendant has a constitutional right against self-incrimination. US Const, Am V; Const 1963, art 1, § 17. To effectuate this right, the police are required to warn a defendant about his constitutional rights if the police take the defendant into custody for interrogation. *People v Cortez (On Remand)*, 299 Mich App 679, 691; 832 NW2d 1 (2013). Custodial interrogation happens when the police question a person who is in custody or whose freedom is otherwise significantly restricted. *Coomer*, 245 Mich App at 219.

Whether a defendant was in custody depends on the totality of the circumstances. *Cortez*, 299 Mich App at 691. A key question is whether a reasonable person in the defendant's position would have believed that he was free to leave and whether the circumstances were coercive. *Id*. at 691-692.

A defendant's statements to the police "made during a custodial interrogation are inadmissible" unless the defendant waives his constitutional right against self-incrimination voluntarily, knowingly, and intelligently. *People v Tierney*, 266 Mich App 687, 707; 703 NW2d

---

[1] *People v Walker* (*On Rehearing*), 374 Mich 331; 132 NW2d 87 (1965).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

204 (2005). This Court determines whether the defendant's waiver was voluntary, knowing, and intelligent "under the totality of the circumstances." *Id*. Whether the defendant's statements to the police were voluntary depends on police conduct. *Id*. Other factors to consider include the defendant's age, education level, previous experience with the criminal justice system, the length and nature of the questioning and detention, and the advice of constitutional rights. *Akins*, 259 Mich App at 564.

In this case, the trial court properly concluded that Marek was not in custody because Marek was not significantly deprived of his freedom while speaking with the police. Marek chose to go to the police station to speak with the police about allegations of sexual abuse. The manner and length of questioning were ordinary, and the police did not restrict Marek's freedom of movement. Marek testified that he could have stopped speaking with the police at any time and was free to leave at any time, and Marek did leave at the end of the interview. These facts support the trial court's conclusion that Marek was not subject to a custodial interrogation.

Even if Marek were in custody, the police adequately advised him of his rights, and Marek voluntarily made the challenged statements. Trooper Gorham testified that Marek indicated that he understood all of his rights when he signed the "advice of rights" sheet before he confessed to abusing L.P. Marek confirmed that he could have left without saying anything and without writing out a confession. Trooper Gorham denied promising or suggesting leniency, saying that he would tell an interviewee that he did not have the authority to offer lenience. These facts show that Marek chose to speak to the police voluntarily after the police adequately advised him of his rights. Given the totality of the circumstances, the trial court did not err by finding that Marek made voluntary statements to the police.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Marek next argues that trial counsel was ineffective for failure to call a false confession expert and failure to request a jury instruction about the requirement that police record custodial interrogations. We disagree.

An ineffective assistance of counsel claim presents "a mixed question of fact and constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). We review findings of fact for clear error and questions of constitutional law de novo. *Id*.

A criminal defendant has a constitutional right to assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To establish ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. The decision not to call a witness reflects trial strategy and amounts to "ineffective assistance of counsel only when it deprives the defendant of a substantial defense." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009) (quotation marks and citation omitted). When reviewing matters of trial strategy, this Court will not substitute its judgment for trial counsel's judgment and will not view counsel's strategy through the lens of hindsight. *Id*.

## 1. REFUSAL TO CALL AN EXPERT WITNESS

The trial court did not err by ruling that defense counsel's decision not to call a witness was sound trial strategy. In preparation for trial, defense counsel consulted with Dr. Jeffrey Wendt, a forensic psychologist, who met with Marek about Marek's susceptibility to the pressure of an interrogation that caused Marek to give a false confession. Dr. Wendt's report contained various problematic statements for the defense. For example, when Dr. Wendt asked Marek if he believed he committed the alleged offenses, Marek answered, " 'It's possible. I hope I didn't do it. I don't see why she would lie about it.' " Dr. Wendt reported that Marek also said, " 'I still feel bad if something happened. I don't know if I did it or not. I'm not saying I didn't do it. I don't know what happened.' "

At the *Ginther* hearing, trial counsel described these statements as "non-confession confessions" and defended his decision not to call Dr. Wendt as a witness because these statements undermined the false confession defense. Defense counsel believed that these statements would have negatively outweighed any potentially beneficial testimony Dr. Wendt could have provided about Marek's heightened susceptibility to police pressure and to make an alleged false confession. Had defense counsel called Dr. Wendt as a witness and provided his report to the prosecution, the prosecution would have been able to use Marek's statements in the report to undermine Marek's credibility and bolster L.P.'s credibility through cross-examination of a defense witness intended to bolster Marek's credibility. Thus, the trial court properly ruled that defense counsel's decision not to call Dr. Wendt reflected a reasonable risk assessment.

## 2. JURY INSTRUCTION

Marek also challenges defense counsel's failure to request a jury instruction about the requirement that the police record interrogations of an individual in custodial detention. Marek did not raise this challenge in the motion for a new trial on the basis of ineffective assistance of counsel, so we review this unpreserved claim for plain error affecting substantial rights. See *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

If a police department has recording equipment, it must record an interrogation of "an individual in custodial detention regarding the individual's involvement in the commission of a major felony," in addition to recording the police officer's "notification to the individual of the individual's *Miranda*[3] rights." MCL 763.8(1) and (2). The failure to make a required recording does not preclude the police officer from testifying in court about the statement, but the trial court must instruct the jury "that it is the law of this state to record statements of an individual in custodial detention who is under interrogation for a major felony and that the jury may consider the absence of a recording in evaluating the evidence relating to the individual's statement." MCL 763.9. We have concluded that Marek was not in custody when he went to the police station to talk to the police about the allegations, and Trooper Gorham confirmed that Marek was not in custody. Accordingly, the jury instruction did not apply because MCL 763.8 requires recording of a *custodial* interrogation. Moreover, defense counsel cross-examined Trooper Gorham about the content of the interview and whether he could have recorded it, and the trial court instructed the jury to consider all of the evidence and to evaluate the credibility of all of the

---

[3] *Miranda v Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d (1966).

-4-

witnesses by the same standards, including the police officers who testified. Thus, Marek identified no prejudicial error in defense counsel's failure to request the jury instruction.

## C. ADMISSION OF EVIDENCE OF PRIOR CONVICTION

Finally, Marek challenges the trial court's admission of evidence of Marek's prior home invasion conviction. We affirm the trial court's evidentiary ruling.

We review a trial court's evidentiary ruling for an abuse of discretion. *People v Steele*, 283 Mich App 472, 478; 769 NW2d 256 (2009). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Snyder* (*After Remand*), 301 Mich App 99, 104; 835 NW2d 608 (2013) (quotation marks and citation omitted). The "trial court's decision on a close evidentiary question . . . ordinarily cannot be an abuse of discretion." *People v Sabin (After Remand)*, 463 Mich 43, 67; 614 NW2d 888 (2000). Even if the trial court erroneously admitted evidence, the defendant must show that the error was prejudicial and called into question "the reliability of the verdict." *Snyder*, 301 Mich App at 111-112 (quotation marks and citation omitted).

MRE 609 permits the admission of evidence of a prior conviction to impeach a witness's credibility if the evidence meets certain requirements. First, the prior conviction must contain an element of dishonesty or falsehood or an element of theft. MRE 609(a)(1) and (2). If the prior conviction was a theft offense, the offense must have been punishable by more than one year, and the trial court must "determine that the evidence has significant probative value on the issue of credibility . . . ." MRE 609(a)(2). Furthermore, if the witness is a criminal defendant, the trial court must also decide "that the probative value of the evidence outweighs the prejudicial effect." MRE 609(a)(2)(B).

The probative value of the prior conviction depends on "the age of the conviction and the degree to which a conviction of the crime is indicative of veracity." MRE 609(b). Older convictions are less probative, and theft offenses are only moderately probative. *Snyder*, 301 Mich App at 106. Prejudicial effect depends on "the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify." MRE 609(b). The more similar the prior conviction is to the charged offense and the more important the defendant's testimony to the decision-making process, the more prejudicial the admission of the prior conviction. *Snyder*, 301 Mich App at 106-107.

Marek argues that admission of the prior conviction was more prejudicial than probative.[4] We disagree. The trial court properly found evidence of the prior conviction to have some

---

[4] At trial, defense counsel agreed that the offense was a theft offense but argued that the additional requirements for its admission under MRE 609 were not satisfied. Therefore, we reject Marek's argument on appeal that the record contains no evidence that the offense involved theft. See *People v Riley*, 465 Mich 442, 448; 636 NW2d 514 (2001) ("Counsel may not harbor error as an appellate parachute.") (quotation marks and citation omitted).

probative value because the conviction was not so old as to be immaterial, and Marek did not contest that the prior home invasion conviction was a theft offense. The trial court also properly determined that the prior home invasion conviction was not similar to the CSC charges and did not give rise to an improper propensity-type inference. The trial court acknowledged that the prosecution violated the mandatory disclosure rule at MCR 6.201(A)(4), and this failure to disclose the possibility that it would use the conviction to impeach Marek's credibility made it difficult for the trial court to discern whether the possibility of impeachment affected Marek's decision to testify. Nonetheless, a violation of MCR 6.201 does not require exclusion of the evidence. MCR 6.201(J). Acknowledging that these circumstances presented a close call, the trial court reasonably concluded that Marek and defense counsel knew about the prior home invasion conviction and could have anticipated that the prosecution would use it to impeach Marek's credibility. Therefore, the trial court did not abuse its discretion by admitting evidence of the prior home invasion conviction after determining that the conviction had more probative value than prejudicial effect.

Moreover, even if the trial court erred by admitting evidence of the prior conviction, that error does not undermine the reliability of the verdict. In *Snyder*, 301 Mich App at 110-111, this Court ruled that the trial court's erroneous admission of evidence of a prior larceny conviction to impeach the defendant's credibility in a prosecution for another charge of larceny was not harmless because the criminal charges were the same and the only evidence was the defendant's word versus the accuser's word. By contrast, in this case, Marek's prior home invasion conviction was not the same or similar to the charged criminal sexual conduct. Furthermore, Marek's confession and recantation of that confession were more damaging to his credibility than the prior home invasion conviction. Accordingly, a new trial is not required.

## III. CONCLUSION

In conclusion, the trial court did not err by admitting Marek's statement to the police. Marek was not in custody when he made the statement, and he made the statement voluntarily. Next, defense counsel was not ineffective for declining to call an expert witness because the witness's report raised questions about Marek's false confession defense, nor was defense counsel ineffective for not requesting a jury instruction about the required recording of custodial interrogation because Marek was not in custody. Finally, the trial court did not err by admitting evidence of Marek's prior home invasion conviction to impeach his credibility.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane M. Beckering
/s/ Cynthia Diane Stephens