# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

BOSTON JERMAINE TOMPKINS,

       Defendant-Appellant.

UNPUBLISHED
March 15, 2018

No. 334944
Macomb Circuit Court
LC No. 2013-003699-FC

Before: M. J. KELLY, P.J., and JANSEN and METER, JJ.

PER CURIAM.

A jury convicted defendant of armed robbery, MCL 750.529, and conspiracy to commit armed robbery, MCL 750.157a; MCL 750.529. *People v Tompkins*, unpublished per curiam opinion of the Court of Appeals, issued March 15, 2016 (Docket No. 323193), p 1. The trial court sentenced defendant, as a third-offense habitual offender, MCL 769.11, to 15 to 30 years' imprisonment for both convictions. *Tompkins*, unpub op at 1. Defendant subsequently appealed to this Court, and this Court affirmed defendant's convictions, but vacated his sentences and remanded for resentencing. *Id*. at 1, 5-6, 18 (vacating and remanding for resentencing because the trial court had failed to prepare a sentencing information report).

On remand, a new presentence investigation report was prepared, and defendant's guidelines range was calculated at 108 to 270 months' imprisonment. The trial court then resentenced defendant to 14½ to 30 years' imprisonment for both convictions. Defendant now appeals as of right. We affirm.

Defendant argues that his non-departure sentences must be reviewed for reasonableness under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and its progeny, which would entitle him to resentencing because the imposed sentences are, according to him, unreasonable. We disagree.

Reasonableness review under *Lockridge* is limited to review of departure sentences. *Lockridge*, 498 Mich at 392 ("A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness."). Because defendant was sentenced to a minimum of 14½ years, or in other words 174 months, for his convictions, defendant was sentenced near the middle of his guidelines range of 108 to 270 months' imprisonment, the top end of which was enhanced from 180 months to 270 months due to defendant's status as a third-

offense habitual offender. MCL 777.16y (armed robbery is a Class A crime); MCL 777.62 (minimum sentencing range for Class A crimes); MCL 777.21(3)(b) (instructing that the upper limit of the minimum sentencing range be enhanced by 50% if a defendant is being sentenced as a third-offense habitual offender). *Lockridge*'s mandate of reasonableness review for departure sentences does not extend to defendant's non-departure sentences.

In addition, defendant's argument is foreclosed by the first sentence of MCL 769.34(10) and this Court's decision in *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016), wherein the Court acknowledged the continued viability of that provision post-*Lockridge*. That provision provides, in relevant part, that "[i]f a minimum sentence is within the appropriate guidelines sentence range, the [C]ourt of [A]ppeals shall affirm that sentence and shall not remand absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10). In *Schrauben*, 314 Mich App at 196 n 1, this Court stated that "*Lockridge* did not alter or diminish MCL 769.34(10)[.]" Because this Court must follow prior published opinions,[1] and because defendant's sentences fall within the applicable guidelines range, this Court must affirm defendant's sentences unless there was a scoring error or inaccurate information was relied upon in determining those sentences. MCL 769.34(10); *Schrauben*, 314 Mich App at 196 n 1. Defendant has not asserted that the trial court relied on inaccurate information in sentencing him. Nor has defendant argued that his guidelines range was improperly calculated. Consequently, this Court is required to affirm defendant's non-departure sentences.

Defendant implies that we need not follow *Schrauben* because the *Schrauben* Court did not specifically address defendant's current argument that the first sentence of MCL 769.34(10) is unconstitutional under certain United States Supreme Court precedent from 2007. We decline to reach this question (i.e., whether the first sentence of MCL 769.34 (10) is unconstitutional as argued by defendant) because *even if* we ignored the first sentence of MCL 769.34(10) and *even if* we applied the existing "reasonableness" standard for departure sentences to defendant's non-departure sentences, we would find no basis for resentencing. "[C]onstitutional issues should not be addressed where the case may be decided on nonconstitutional grounds. *People v Riley*, 465 Mich 442, 447; 636 NW2d 514 (2001). The *Riley* Court stated: "[T]here exists a general presumption by this Court that we will not reach constitutional issues that are not necessary to resolve a case." *Id*. (quotation marks and citation omitted).

Reasonableness review involves determining whether the sentencing court abused its discretion by violating the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *People v Steanhouse*, 500 Mich 453, 476-477; 902 NW2d 327 (2017). The principle of proportionality requires sentences to be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*,

---

[1] MCR 7.215(J)(1) states that "[a] panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals[.]"

435 Mich 630, 636; 461 NW2d 1 (1990). Sentences within the minimum guidelines range are presumed to be proportionate. *People v Steanhouse (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 318329); slip op at 2. However, in " 'unusual circumstances' " a non-departure sentence may violate the principle of proportionality because it is " 'disproportionately severe or lenient[.]' " *Id.*, slip op at 2 n 3, quoting *Milbourn*, 435 Mich at 661.

Defendant argues that the fact that he was assessed zero offense-variable points is an unusual circumstance. Defendant's argument lacks merit because it is not anomalous that an offense could be carried out without triggering the scoring of various offense variables, and defendant already received the "benefit" of the lack of assessed points by the corresponding lowering of the guidelines range. Defendant also argues that the fact that a codefendant received 3½ year minimum sentences while defendant received 14½ year minimum sentences is an unusual circumstance. However, defendant's argument ignores that defendant had a significant criminal history that placed defendant 25 points over the threshold for the highest prior-record-variable level, whereas the codefendant had little-to-no criminal history. See *Tompkins*, unpub op at 13 (discussing the codefendant's "clean record"). It further ignores the codefendant's significantly younger age and "diminished capacity." See *id.* at 13. It is, quite simply, not unusual that someone with a significantly more severe criminal history and without comparable mitigating factors would receive harsher sentencing. In addition, nothing else discussed by defendant in his appellate brief demonstrates unusual circumstances. Because defendant would not be entitled to resentencing even if this Court were to review his sentences for reasonableness, we decline to address the constitutionality argument and we enforce MCL 769.24(10) as written, in accordance with *Schrauben*.

Affirmed.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Patrick M. Meter