*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* C. WALTERS, Minor.

FOR PUBLICATION
January 02, 2025
12:51 PM

No. 369318
Calhoun Circuit Court
Family Division
LC No. 2023-002237-NA

Before: RICK, P.J., and MURRAY and MALDONADO, JJ.

MURRAY, J. (*concurring in part, dissenting in part*).

The majority correctly holds that the trial court erred in terminating respondent's parental rights without first seeking reunification of the family, as none of the exceptions for not doing so applied. We have repeatedly held that absent one of the statutory aggravating circumstances (and petitioner concedes none exist here), the state has an obligation to provide reunification services to a family even if termination is the ultimate goal. See MCL 712A.19a(2); *In re Moss*, 301 Mich App 76, 90-91; 836 NW2d 182 (2013) (the general reunification duty exists "to reunite the parent and children unless certain aggravating circumstances exist"); *In re Rippy,* 330 Mich App 350, 355; 948 NW2d 131 (2019) ("Reasonable efforts to reunify the child and family must be made in all cases except those involving aggravated circumstances under MCL 712A.19a(2)."); *In re Sanborn*, 337 Mich App 252, 258-259 & n 2; 976 NW2d 44 (2021). As the majority concludes, petitioner did not comply with this statutory command, and reversal is required.

However, there is no reason to address whether this termination order also violated respondent's constitutional right to due process of law, as the statutory ground suffices to properly resolve this appeal. Michigan courts "will not unnecessarily decide constitutional issues, *People v Riley*, 465 Mich 442, 447; 636 NW2d 514 (2001), and it is an undisputed principle of judicial review that questions of constitutionality should not be decided if the case may be disposed of on other grounds. *MacLean v Michigan State Bd of Control for Vocational Ed*, 294 Mich 45, 50; 292 NW 662 (1940). *J & J Constr Co v Bricklayers & Allied Craftsmen, Local 1*, 468 Mich 722, 734; 664 NW2d 728 (2003)." *Armijo v Bronson Methodist Hosp*, 345 Mich App 254, 264; 4 NW3d 789 (2023) (quotation marks omitted). Because the conclusion that the trial court erred in terminating respondent's parental rights for failure to comply with MCL 712A.19a(2) resolves

respondent's appeal, there is no reason to address whether the order also violates respondent's constitutional right to due process of law. I therefore concur in the conclusions reached in the majority opinion, except for those contained in section III of the opinion.

/s/ Christopher M. Murray