Markey, J.
Defendant Scott Rutledge appeals by leave granted the circuit court’s order affirming the district court’s denial of defendant’s motion to dismiss charges of illegally possessing and consuming alcohol against nineteen-year-old defendant who after drinking alcohol legally in Canada[1] returned to Michigan as a passenger in a vehicle and was charged with consuming and possessing alcohol in violation of MCL 436.1703(1). We reverse.
On July 30, 2000, defendant was arrested as a minor illegally possessing and consuming alcohol in violation of MCL 436.1703(1). Defendant was a passenger in a vehicle that was stopped for speeding. After the driver of the vehicle was given a Breathalyzer test that indicated the driver had consumed alcohol, the police officers tested defendant, who also tested positive for alcohol consumption. In the district court, defendant moved to dismiss the *3 charges, arguing that MCL 436.1703(1) was unconstitutionally vague and overbroad. For proposes of the motion, the court found that defendant drank legally in Canada, but determined that defendant violated the statute because he possessed alcohol in Michigan by having it in his body. After the motion to dismiss was denied, defendant conditionally pleaded guilty, subject to this appeal. On appeal to the circuit court, the court affirmed the district court, finding that defendant violated the statute because he “consumed alcoholic liquor in his body.” The circuit court also “suppose[d]” that defendant possessed alcohol by having it in his body in Michigan. Thereafter, this Court granted leave to appeal.
In this case, we are asked to decide whether MCL 436.1703(1), the “minor in possession” statute, makes it a crime for a minor to have alcohol in his body when the alcohol was legally obtained and ingested in another jurisdiction. We conclude that it does not.
MCL 436.1703(1) provides in relevant part: “A minor shall not purchase or attempt to purchase alcoholic liquor, consume or attempt to consume alcoholic liquor, or possess or attempt to possess alcoholic liquor, except as provided in this section.”
Generally, a state has jurisdiction only over offenses committed within the state’s physical borders. People v Blume, 443 Mich 476, 480; 505 NW2d 843 (1993), quoting People v Devine, 185 Mich 50, 52-53; 151 NW 646 (1915).
It is a well-established rule that a sovereign state can exercise jurisdiction to punish a criminal offense only when the offense is committed in whole or in part in that sovereign state. No matter how closely an act is connected with the state, if all the criminal elements are done entirely *4 outside a state’s boundaries, it cannot be punished by that state. [People v Kirby, 42 Mich App 97, 99; 201 NW2d 355 (1972) (citations omitted).]
The exception to this general rule is “ ‘limited to those acts that are intended to have, and that actually do have, a detrimental effect within the state.’ ” Blume, supra at 480, quoting Strassheim v Daily, 221 US 280, 285; 31 S Ct 558; 55 L Ed 735 (1911). This Court need not determine whether the exception applies in this matter because the prosecutor asserts that defendant violated the statute not by possessing and ingesting alcohol in Canada, but by possessing and consuming the alcohol within his body after returning to Michigan. Defendant, on the other hand, urges this Court to construe the terms “consume” and “possess” as used in MCL 436.1703(1) to mean actual ingestion and possession of undigested alcoholic liquor.
A statute is presumed to be constitutional and is so construed unless its unconstitutionality is readily apparent. People v Noble, 238 Mich App 647, 651; 608 NW2d 123 (1999). Before addressing the constitutionality of the statute, this Court “must examine alternative, nonconstitutional grounds that might obviate the necessity of deciding the constitutional questions.” VandenBerg v VandenBerg, 231 Mich App 497, 499; 586 NW2d 570 (1998). Although the constitutional issue is the only issue raised on appeal, this case can be decided solely on the basis of statutory construction. Whether conduct falls within the statutory scope of a criminal statute is a question of law that is reviewed de novo on appeal. Noble, supra at 658. This Court has discretion to grant different or further relief as the case requires. MCR 7.216(7).
*5 “Criminal statutes must be strictly construed, with each word interpreted according to its ordinary usage and common meaning.” Noble, supra at 659. Here, there is no allegation that defendant purchased alcoholic liquor in Michigan. Therefore, the case turns on the meaning of the terms “consume” and “possess.”
Statutory construction begins by examining the plain language of the statute to discern and give effect to the Legislature’s intent. People v Morey, 461 Mich 325, 329-330; 603 NW2d 250 (1999). If the language is unambiguous, no further construction is required or permitted, and the statute must be enforced as written. Id. at 330. This Court may look outside the statute to ascertain the Legislature’s intent only where the language is ambiguous. Id.
We conclude that the terms “consume” and “possess” are ambiguous as used in the “minor in possession” statute because they can be interpreted in more than one manner. Specifically, they can be construed narrowly to mean only physical control and ingestion, as defendant urges, or very broadly to mean metabolism and containment in the body, as proposed by the prosecutor. A provision is considered ambiguous when it is susceptible to more than one reasonable interpretation. Frame v Nehls, 452 Mich 171, 176; 550 NW2d 739 (1996).
To determine the meaning of the terms, this Court should look to “[t]he fair and natural import of the terms employed, in view of the subject matter of the law . . . .” Morey, supra at 330. Neither “possess” nor “consume” is defined by the Michigan Liquor Control Code.[2] We are unable to find any statutory definition *6 of either term or any judicial definition of the term “consume.” The term “possession,” although not “possess,” has been judicially defined as encompassing both actual and constructive possession. People v Hill, 433 Mich 464, 470; 446 NW2d 140 (1989). A “person has constructive possession if there is proximity to the article together with indicia of control.” Id. The Hill case did not define actual possession.
This Court may also examine dictionaiy definitions if the statute does not expressly define its terms. People v Gregg, 206 Mich App 208, 211-212; 520 NW2d 690 (1994). Black’s Law Dictionary (6th ed), p 1162, defines “possess” as: “[t]o occupy in person; to have in one’s actual and physical control; to have the exclusive detention and control of; to have and hold as property; to have a just right to; to be master of; to own or be entitled to.” Black’s Law Dictionary does not define “consume.” Random House Webster’s College Dictionary (1997), p 1017, defines “possess,” in part, as: “to have as belonging to one; have as property; own; ... to occupy or control . . . .” Random House defines “consume” as: “to destroy or expend by use; use up[;] ... to eat or drink up; devour.” Id. at 84. Moreover, to determine the meaning of the terms, this Court may look to the commonly accepted meaning of the words. Morey, supra at 330.
“ ‘[T]he meaning of statutory language, plain or not, depends on context.’ ” People v Vasquez, 465 Mich 83, 89; 631 NW2d 711 (2001), quoting King v St Vincent’s Hosp, 502 US 215, 221; 112 S Ct 570; 116 L Ed 2d 578 (1991). Consistent with the dictionary definitions listed above, the commonly accepted meaning of “consume” as it relates to a beverage means to drink or physically ingest the beverage. For example, a per *7 son would not say that he is still consuming milk an hour after having it at breakfast because the milk is still digesting in his body. Similarly, a person does not “possess” a beverage once it has been ingested and is digesting. One no longer has control over the beverage as it is digesting.
Our conclusion is supported by applicable, albeit nonprecedential, case law from another jurisdiction. In State v Hornaday, 105 Wash 2d 120, 125-129; 713 P2d 71 (1986),[3] the Washington court examined the meaning of the terms “consume” and “possession” in a minor in possession statute. The court determined that “possession” implied control over the substance and that once alcohol was within a person’s body, the person lost the power to control the alcohol. Id. at 125-126. The court also determined that “consume” is a present-tense term meaning to drink liquor. Consequently, it was improper to interpret “consume” as an ongoing process. Id. at 127-129. As further support for its conclusion, the court pointed to situations like the case at bar—a minor journeys to another jurisdiction where he can drink alcoholic beverages legally, yet upon return face prosecution simply for having the alcohol in his blood. Id. at 129. The court concluded that the “Legislature could not have intended such a result in those instances.”[4] Id.
*8 250 Mich App 1 Opinion of the Court [Feb
The definition of “alcoholic liquor,” a defined term in the Michigan Liquor Control Code, also supports our conclusion. “Alcoholic liquor” means:
[A]ny spirituous, vinous, malt, or fermented liquor, liquids and compounds, whether or not medicated, proprietary, patented, and by whatever name called, containing V2 of 1% or more of alcohol by volume which are fit for use for beverage purposes as defined and classified by the commission according to alcoholic content as belonging to 1 of the varieties defined in this chapter. [MCL 436.1105(2) (emphasis added).]
In order for defendant’s conduct to violate the minor in possession statute, he had to consume or possess alcoholic liquor. MCL 436.1703(1). Defendant argues, and we agree, that once a person has ingested liquor, it is no longer “fit for use for beverage purposes” in accordance with MCL 436.1105(2). Therefore, as defendant sat as a passenger in the vehicle in Michigan, he did not consume or possess “alcoholic liquor.”
We find further support for our determination from the language of the statute prohibiting persons from operating vehicles while under the influence of intoxicating liquor or controlled substances. MCL 257.625. The subsection of that statute pertaining to minors prohibits persons under the age of twenty-one from operating a vehicle if that person has any bodily alcohol content. MCL 257.625(6). “Any bodily alcohol content” is defined, in part, as: “Any presence of alcohol within a person’s body resulting from the consumption of intoxicating liquor, other than consumption of intoxicating liquor as part of a generally recognized religious service or ceremony.” MCL 257.625(6)(b).
*9 This statute demonstrates that the Legislature, when it wanted to do so, criminalized the mere presence of alcohol in a minor’s body as a result of the consumption of alcohol. This statute does not criminalize the consumption itself. In addition, the Legislature created an exception to the crime when the presence of alcohol in a minor’s body resulted from consumption of alcohol for religious ceremonies. “[W]hen this Court construes two statutes that arguably relate to the same subject or share a common purpose, the statutes are in pari materia and must be read together as one law, even if they contain no reference to one another and were enacted on different dates.” People v Webb, 458 Mich 265, 274; 580 NW2d 884 (1998).
In support of her very broad interpretation of the statute, the prosecutor argues that “consumption” goes beyond the single act of putting a substance in one’s mouth. The prosecutor asserts that the term “consumption” is defined by other courts as “the using up of everything.” The prosecutor cites Moore v Pleasant Hasler Constr Co, 50 Ariz 317, 329; 72 P2d 573 (1937), and Revzan v Nudelman, 370 Ill 180, 184; 18 NE2d 219 (1938). Both cases were tax cases that concerned who should pay the taxes on retail goods. Moore, supra at 319; Revzan, supra at 181-183. Although the prosecutor cites an apt definition of consumption in the context of a tax case, the cited definition of “consumption” does not comport with how the term is usually and reasonably used when referring to beverages. See Vasquez, supra at 89. We also note that the term “consumption” is not used in MCL 436.1703.
*10 The prosecutor also argues that the ultimate state of possession is to have the alcohol beverage within the body, and a properly administered Breathalyzer test indicates whether alcohol is present within a person’s body. As support for this argument, the prosecutor cites MCL 436.1703(5), which states in part: “The results of a preliminary chemical breath analysis or other acceptable blood alcohol test are admissible in a criminal prosecution to determine whether the minor has consumed or possessed alcoholic liquor.” The prosecutor argues that this language indicates that the Legislature did not intend to limit the definition of possession to the mere act of physically holding or having within one’s control a container of alcohol. The prosecutor argues that if that were the intent, the results of a breath test would be completely irrelevant with respect to possession, and the Legislature would have limited the breath test results for use as evidence of consumption only. We disagree with this assertion; however, we do not dispute that a Breathalyzer test is admissible evidence regarding whether a minor defendant committed the crime of “minor in possession.” In most cases, in order to have alcohol in his body, a minor illegally purchased, possessed, or consumed alcohol within Michigan. Therefore, use of the breath test as evidence to determine whether the statute was violated is both appropriate and permitted by statute. MCL 436.1703(5). The distinction this Court is making is that a positive Breathalyzer test for alcohol is not a violation per se of the minor in possession statute, though it is for the statute prohibiting a minor from driving under the influence of alcohol. MCL 257.625(6). In this case, and in cases like this one, the crucial distinction is that *11 the alcohol was legally purchased, possessed, and consumed in Canada. Therefore, the statute was not violated.
We acknowledge that this interpretation may somewhat hinder police officers, particularly in areas of Michigan near Canadian borders, attempting to enforce the “minor in possession” statute. Because, however, the statute makes specific conduct criminal, it must be strictly construed. Noble, supra at 659. We conclude that minors who legally ingest alcohol in a jurisdiction outside Michigan and then return to Michigan (e.g., as passengers in a vehicle) with the alcohol in their bodies have not violated the minor in possession statute. If the Legislature intended to criminalize this conduct, it could easily have done so or can amend the statute to include it. People v Babcock, 244 Mich App 64, 78; 624 NW2d 479 (2000).
In light of our disposition above, we need not reach defendant’s constitutional claim that the statute is vague and overbroad.
We reverse.
Griffin, P.J., concurred.

 It appears that the prosecutor does not dispute that defendant purchased and drank the alcohol in Canada. In her appellate brief, the prosecutor states that she “concurs with the basic information set forth in the Appellant’s Statement of Facts.” According to defendant-appellant’s statement of facts, which has been adopted by the prosecutor, it is unequivocally stated that “[ajppellant did not consume alcoholic beverages in the State of Michigan.” Because the prosecutor has not raised an issue of fact and has not requested a remand, we conclude that a remand is unnecessary.

 MCL 436.1101 et seq.

 It appears that Homaday was superseded by statute as stated in State v Preston, 66 Wash App 494, 497-498; 832 P2d 513 (1992), aff'd 22 Wash 2d 553; 859 P2d 1220 (1993).

 A later Washington State case upheld these definitions, specifically concerning “consume.” State v Preston, supra at 498, stated that the Homaday opinion “illustrates the absurdity of defining the word ‘consume’ so as to encompass the metabolization of alcohol in the body.”