# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TROY NELL BRANDOM,

      Defendant-Appellant.

UNPUBLISHED
January 26, 2017

No. 329071
Wayne Circuit Court
LC No. 15-003073-01-FC

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

BECKERING, P.J., (*concurring*).

I agree with the majority opinion's outcome, but write separately to offer an alternative analysis and address head on defendant's arguments on appeal.

Defendant was convicted by a jury of receiving or concealing stolen property in violation of MCL 750.535(3)(a), which deals with property that has a value of $1,000 or more but less than $20,000. This case arises out of defendant's involvement in the theft of Shaneka Cannon's motor vehicle on February 19, 2015, after she walked into a gas station to pre-pay for gas while leaving the keys in the ignition with the motor running. The prosecutor had charged defendant in the alternative of violating either MCL 750.535(3)(a) or MCL 750.535(7), which deals with receiving or concealing a stolen motor vehicle. In light of the language of set forth in MCL 750.535(7), a person charged with MCL 750.535(7) may not be convicted of or punished for a violation of another provision of MCL 750.535, including MCL 750.535(3)(a), when those offenses relate to the same motor vehicle. Because the prosecutor had charged defendant with MCL 750.535(a)(7), defendant had a right to prohibit the trial court from submitting for the jury's consideration a conviction for MCL 750.535(3)(a). But defendant waived that right when his counsel expressly approved the proposed jury instructions and verdict form that allowed the jury to convict defendant of either MCL 750.535(3)(a) or MCL 750.535(7), but not both. The jury picked MCL 750.535(3)(a), and the trial court sentenced defendant for that conviction, again without any objection from defendant's counsel. Only later did defendant file a motion to vacate his conviction, which was denied, and this appeal ensued.

-1-

## I. STATUTORY INTERPRETATION OF MCL 750.535

As the majority opinion points out, defendant challenges whether he was properly convicted under MCL 750.535(3)(a) in violation of MCL 750.535(7). The pertinent sections of MCL 750.535 are as follows:

> (1) A person shall not buy, receive, possess, conceal, or aid in the concealment of stolen, embezzled, or converted money, goods, or property knowing, or having reason to know or reason to believe, that the money, goods, or property is stolen, embezzled, or converted.

> ***

> (3) If any of the following apply, a person who violates subsection (1) is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $10,000.00 or 3 times the value of the property purchased, received, possessed, or concealed, whichever is greater, or both imprisonment and a fine:

> (a) The property purchased, received, possessed, or concealed has a value of $1,000.00 or more but less than $20,000.00.

> ***

> (7) A person shall not buy, receive, possess, conceal, or aid in the concealment of a stolen motor vehicle knowing, or having reason to know or reason to believe, that the motor vehicle is stolen, embezzled, or converted. Except as provided in subsection (8), a person who violates this subsection is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $10,000.00 or 3 times the value of the motor vehicle purchased, received, possessed, or concealed, whichever is greater, or both imprisonment and a fine. *A person who is charged with, convicted of, or punished for a violation of this subsection shall not be convicted of or punished for a violation of another provision of this section arising from the purchase, receipt, possession, concealment, or aiding in the concealment of the same motor vehicle.* This subsection does not prohibit the person from being charged, convicted, or punished under any other applicable law. [Emphasis added.]

Defendant argues that, as soon as he was "charged with" violating MCL 750.535(7), the statutory prohibition against being convicted under MCL 750.535(3)(a) was triggered. The prosecution contends that, because defendant was charged in the alternative, he was never subject to being "charged with" MCL 750.535(7) *and* convicted of MCL 750.535(3)(a) because the jury had to choose one or the other, but not both. Therefore, the exclusionary provision in MCL 750.535(7) was neither triggered nor violated.

Resolution of defendant's challenge on appeal involves construing the meaning of the italicized portion of the statute in order "to determine and give effect to the Legislature's intent." *People v Lowe*, 484 Mich 718, 721; 773 NW2d 1 (2009). A "statute's words are the most reliable indicator of the Legislature's intent," *id*. at 721-722, and our task is to give "plain

meaning to the words actually used in a statute rather than presuming that the Legislature *meant* to say something entirely different," *People v Williams*, 491 Mich 164, 175; 814 NW2d 270 (2012). Only where the statutory language is ambiguous may the Court look outside the statute to ascertain the Legislature's intent. *People v Rutledge*, 250 Mich App 1, 5; 645 NW2d 333 (2002). "A provision is considered ambiguous when it is susceptible to more than one reasonable interpretation." *Id*. A statute's definition of a term controls. *People v Wiggins*, 289 Mich App 126, 128; 795 NW2d 232 (2010). However, where a statute fails to define a term, "we presume that the Legislature intended the word to have its ordinary meaning," *People v March*, 499 Mich 389, 398; 886 NW2d 396 (2016) (quotation marks and citation omitted), and we consult a dictionary for that ordinary meaning, *People v Tennyson*, 487 Mich 730, 738; 790 NW2d 354 (2010). Penal statutes must "be construed according to the fair import of their terms, to promote justice and to effect the objects of the law." MCL 750.2.

MCL 750.535(7) does not define the phrase "charged with." When used in the context of criminal law, that phrase means "[t]o accuse (a person) of an offense." *Black's Law Dictionary* (10th ed), p 282. " 'Or' . . . is a disjunctive [term], used to indicate a disunion, a separation, an alternative." *People v Kowalski*, 489 Mich 488, 499 n 11; 803 NW2d 200 (2011) (quotation marks and citation omitted). "The use of the word 'shall' indicates a mandatory and imperative directive." *People v Lown*, 488 Mich 242, 279; 794 NW2d 9 (2011) (citation omitted). Accordingly, a defendant who is "charged with [or] convicted of [or] punished for" violating MCL 750.535(7) *shall not* be convicted of or punished for a violation of MCL 750.535(3)(a). Contrary to the prosecution's contention, the plain and ordinary language of the statute does not require that a defendant be subject to conviction of two separate offenses, i.e., it does not require that a defendant be charged with *and* convicted of MCL 750.353(7) before the bar to conviction under another provision of MCL 750.535 is triggered. Therefore, once defendant was "charged with" violating MCL 750.535(7), under the clear and unambiguous language of the statute, he could not be "convicted of or punished for" violating any other section subsection MCL 750.353, including subsection (3)(a).

"It is not [this Court's] role to rewrite the law or substitute our own policy judgment in the face of the text of the statute, or 'to create an ambiguity where none exists in order to reach a desired result . . . .' " *People v Harris*, 499 Mich 332, 356; 885 NW2d 832 (2016), quoting *People v McIntire*, 461 Mich 147, 153; 599 NW2d 102 (1999). Certainly, a prosecutor has great discretion in charging decisions and may charge a defendant under alternative theories. See *People v Venticinque*, 459 Mich 90, 100; 586 NW2d 732 (1998) (reaffirming the prosecution's discretion in this area). Moreover, it is not illogical that the Legislature intended the statute to function as the prosecution claims, i.e., to allow for alternative charging while preventing a defendant from being *convicted* under two subsections of the same statute for the same criminal act. However, the plain and unambiguous text of the statute contains no reference to a prosecutor's ability to charge in the alternative without being subject to the exclusionary language of the statute. Thus, if the Legislature did not intend to limit the prosecutor's ability to charge a defendant under MCL 750.535(7) in the alternative, it could have easily indicated its

-3-

intent or it can amend the statute. See *People v Babcock*, 244 Mich App 64, 78; 624 NW2d 479 (2000).[1]

In light of the clear and unambiguous language of MCL 750.535(7), because the prosecution had charged defendant with violating MCL 750.535(7), defendant was entitled to ask the trial court to dismiss the charge for violating MCL 750.535(3)(a) before the parties finalized the jury instructions and the verdict form or submitted the case to the jury. However, by failing to make such a motion, and in fact by finding no fault in the verdict form and expressly agreeing to the jury instructions regarding the alternative theories, defendant waived his right to have the trial court dismiss the charge prior to submitting it to the jury, and this waiver extinguished any error. See *People v Riley*, 465 Mich 442, 449; 636 NW2d 514 (2001).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that his trial counsel rendered ineffective assistance by failing to object to defendant being convicted or sentenced in violation of MCL 750.535(7), and therefore, he claims that his conviction under MCL 750.535(3)(a) must be vacated. To prevail on his claim of ineffective assistance of counsel, defendant must "show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability that the outcome of the proceeding would have been different but for trial counsel's errors." *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003).

By failing to move in a timely manner to prohibit the jury from being able to convict defendant of MCL 750.535(3) since he had been charged with violating MCL 750.535(7), trial counsel arguably performed below an objective standard of reasonableness. However, even if counsel's failure to take the charge of MCL 750.535(3)(a) away from the jury's consideration satisfies the first prong of the ineffective assistance analysis, defendant has not satisfied the second prong because he has not shown a reasonable probability that the outcome of the proceeding would have been different. *Ackerman*, 257 Mich App at 455.

Defendant assumes that, had defense counsel successfully moved for dismissal of MCL 750.535(3)(a) on defense counsel's motion, the jury would not have convicted him of MCL 750.535(7).[2] The record does not support defendant's assumption. As the majority opinion

---

[1] The simple fix would be to eliminate the phrase "charged with" in the exclusionary language of MCL 750.535(7). That way, a person could be charged with violating MCL 750.535(7) while also being charged with violating another provision of MCL 750.535, but he or she could not be convicted of or punished for violating another provision of MCL 750.535 (arising from the purchase, receipt, possession, concealment, or aiding in the concealment of the same motor vehicle) if he or she is convicted of or punished for a violation of MCL 750.535(7).

[2] To the extent defendant argues that his counsel should have waited until sentencing to raise his right not to be convicted of or punished for a violation of MCL 750.535(3)(a)—so as to allow the jury to be presented with an improper option subject to later invalidation—the majority is correct that a person may not purposefully harbor error as an appellate parachute, *People v Riley*, 465 Mich 442, 448; 636 NW2d 514 (2009), nor will we countenance an argument that it is okay for a

points out, the evidence adduced at trial was sufficient for the jury to find beyond a reasonable doubt that defendant had received, possessed, or concealed stolen property valued between $1,000 and $20,000, and it was undisputed that the property involved was a motor vehicle. Thus, the evidence supported a finding that defendant violated MCL 750.535(7). Therefore, even if the trial court had dismissed MCL 750.535(3)(a), there is no reasonable probability that the jury would have acquitted defendant of receiving, possessing, or concealing a stolen or converted motor vehicle, i.e., of MCL 750.535(7). Consequently, I would find that defendant's claim of ineffective assistance of counsel must fail because he has not made the necessary showing or prejudice resulting from his counsel's deficient performance.

/s/ Jane M. Beckering

---

defendant's attorney to be ineffective up to the point where error occurs and benefits the defendant.