*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
September 22, 2022

v

RYAN WILLIAM COLE,

Defendant-Appellant.

No. 358785
Lenawee Circuit Court
LC No. 14-017258-FC

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

JANSEN, J. (*dissenting*)

For the reasons that follow, I respectfully dissent. Defendant appeals as of right his plea-based convictions for third-degree criminal sexual conduct (CSC-III), MCL 750.520d, and using a computer to commit a crime, MCL 752.796; MCL 752.797(3)(e). Defendant was sentenced to consecutive sentences of 95 to 180 months' imprisonment for CSC-III, and 57 to 120 months' imprisonment for the computer-crime offense. Defendant argues that his sentence for the computer-crime offense was improper because there is no evidence that he used a computer in committing the underlying CSC crime. I agree, and would vacate his sentence for the computer-crime offense.

Defendant was initially convicted of two counts of CSC-I, which this Court reversed on appeal and remanded for a new trial. *People v Cole*, unpublished per curiam opinion of the Court of Appeals, issued December 29, 2020 (Docket No. 338837). On remand, defendant entered into a plea agreement in which he pleaded guilty to CSC-III and the computer-crime offense in exchange for the above-mentioned agreed-upon consecutive sentence and dismissal of the CSC-I charges. As the majority opinion recognizes, there was no factual basis for defendant's computer-crime plea.[1]

---

[1] At oral argument, the assistant prosecutor was asked to provide any factual basis to support the computer-crime plea, and she agreed that there was none for that charge.

The majority relies on MCR 6.302(D)(1) to conclude that there was nothing "unusual" about defendant's plea to the computer-related crime when the factual basis provided was for CSC-I—the crime of which defendant was initially charged. This court rule provides:

> If the defendant pleads guilty, the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading. [MCR 6.302(D)(1).]

This language has long appeared in the court rule, as well as previous versions. However, I find fault with the application of the rule by the majority and the trial court, and the potential for significant violations of due process should it continue to be applied in this manner.

Principles of statutory construction apply to the Michigan Court Rules. *People v Clark*, 274 Mich App 248, 252; 732 NW2d 605 (2007).

> Statutory construction begins by examining the plain language of the statute to discern and give effect to the Legislature's intent. If the language is unambiguous, no further construction is required or permitted, and the statute must be enforced as written. This Court may look outside the statute to ascertain the Legislature's intent only where the language is ambiguous. [*People v Rutledge*, 250 Mich App 1, 5; 645 NW2d 333 (2002) (citations omitted).]

"A provision is considered ambiguous when it is susceptible to more than one reasonable interpretation." *Id*. The meaning of statutory language depends on context, and when a term is not defined by statute, we may look to dictionary definitions. *Id*. at 6.

The majority relies on the language of the court rule to conclude that because a factual basis for the offense charged was established (CSC-I), this was sufficient to establish a factual basis for defendant to plead guilty to using a computer to commit a crime. The cases cited by the majority, however, provide little or no explanation or analysis of the application of the court rule. In *People v Hutcherson*, 96 Mich App 365, 368; 292 NW2d 466 (1980),[2] the defendant was originally charged with assault with intent to rob while being armed, but pleaded guilty to assault with intent to commit CSC involving penetration where the factual basis did not establish the elements of that crime. The prosecution conceded this fact, but asserted that a previous version of the court rule, GCR 1963, 785.7(2)(a), which contained substantially similar language to MCR 6.302(D)(1), did not require a factual basis for the charge being pleaded where the facts supported the offense charged. *Id*. The Court merely concluded that "[s]ince defendant was originally charged with assault with intent to rob while being armed, and since he acknowledged during the plea taking that he had committed armed robbery of the victim, we conclude that a sufficient factual basis was obtained in conformity" with the court rule. *Id*. (citation omitted).

---

[2] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).

In *People v Lafay*, 182 Mich App 528, 532; 452 NW2d 852 (1990), the defendants were charged with receiving or concealing stolen property, but pleaded guilty to attempted larceny from a building, where there was no evidence of any building. This Court concluded that

> [i]t does not follow, however, that the judge erred in accepting their plea to attempted larceny in a building.
>
> The judge, through questioning a defendant, must establish factual support for the offense charged or for the offense to which the defendant is pleading. MCR 6.302(D)(1), formerly MCR 6.101(F)(3)(a). The judge may take evidence on each element of the crime charged, even if the elements of the lesser offense are not made out by a defendant's recitation of facts. This is true even if the crime pled to is not a lesser included offense of the crime charged. [*Id*.]

I believe, however, that the language of MCR 6.302(D)(1) is susceptible to more than one meaning, and therefore ambiguous. *Rutledge*, 250 Mich App at 5. Whereas the majority reads the court rule to conclude that the court may accept a guilty plea for the crime *pleaded to* when the factual basis establishes the *crime charged*, with no facts to establish the crime *pleaded to*, I believe the court rule can also be read in context to require that when a defendant is pleading guilty to the crime charged, the factual basis must be established for the crime charged, *or*, *alternatively*, when a defendant is pleading guilty to the crime being pleaded to, a factual basis must be established for that crime. The term "or" is not defined in the court rule, but defined by dictionary as "used as a function word to indicate an alternative." *Merriam-Webster's Collegiate Dictionary* (11th ed). Recently, this Court has interpreted this court rule in the same manner. See *People v Wilkins*, unpublished per curiam opinion of the Court of Appeals, entered February 20, 2020 (Docket No. 344633), p 8 ("For a plea to be accurate, the court must establish support for a finding that defendant is guilty of the offense to which defendant is pleading. MCR 6.302(D)(1)."); *People v O'Connell*, unpublished per curiam opinion of the Court of Appeals, entered February 6, 2020 (Docket No. 342071), p 6 (stating same).[3]

What compounds this error in defendant's plea, in my opinion, is the fact that defendant received a consecutive sentence under his plea agreement. Consecutive sentencing may only be imposed when specifically authorized by statute. *People v Stead*, 270 Mich App 550, 551; 716 NW2d 324 (2006). Additionally, the trial court must give particularized reasons when imposing a consecutive sentence. *People v Baskerville*, 333 Mich App 276, 290; 963 NW2d 620 (2020). Here, the trial court stated, "the CSC will run consecutive to the computer crime, which is allowable under the law for that particular statute." Indeed, MCL 752.797(4) allows consecutive sentencing for using a computer to commit a crime.

However, what I find especially problematic is the fact that the prosecution included consecutive sentencing in the plea deal based on the computer-related crime, when there were no

---

[3] While unpublished opinions are not binding, MCR 7.215(C)(1), they may be considered persuasive or instructive authority. *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010). One member of the majority decision in this case was also a member of the panel for the *O'Connell* decision.

facts in the record establishing that defendant used any electronic device in the commission of any crime. This could lead the prosecution to include any offense in a plea deal, although lacking in factual basis, to impose a consecutive sentence, when concurrent sentencing is the norm in this state. *Baskerville*, 333 Mich App at 289. In answer to the Court's question at oral argument, the assistant prosecutor agreed that the prosecutor's office's interpretation of the court rule would allow the prosecutor to include any number of charges for which there is no factual basis "for the benefit of the plea." This places the defendant in an untenable position of having to accept a plea deal for a crime with no factual basis, with a consecutive sentence as part of the agreement. This usurps the sole discretion of the trial court whether to impose consecutive sentencing when authorized by statute. *Id*. at 290. Although this issue was not raised in the trial court or on appeal, this Court may review issues not raised in the trial court to prevent a miscarriage of justice. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008).

Therefore, I would vacate defendant's sentence for using a computer to commit a crime and order that defendant be resentenced for CSC-III.

/s/ Kathleen Jansen