*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON EDWARD KOERT,

        Defendant-Appellant.

FOR PUBLICATION
February 15, 2024
9:10 a.m.

No. 363169
Ottawa Circuit Court
LC No. 97-020681-FH

Before: HOOD, P.J., and MURRAY and MALDONADO, JJ.

MALDONADO, J.

Defendant seeks to set aside a quarter-of-a-century old "Romeo and Juliet" conviction. In 1998, defendant was convicted of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(a). Subsequently, in 2004, defendant was convicted of two counts of delivery of less than 5 kilograms of marijuana, MCL 333.7401(2)(d)(*iii*). On May 9, 2022, defendant filed an application to set aside each of these convictions. However, the trial court concluded that defendant's subsequent felony convictions precluded it from setting aside his CSC-IV conviction; therefore, the court granted defendant's application with respect to the marijuana convictions but denied it with respect to the CSC-IV charge. On appeal, defendant contends that, because the marijuana convictions were set aside, they no longer preclude him from having his CSC-IV conviction set aside. We agree. Therefore, we vacate the trial court's denial of defendant's application to set aside his CSC-IV conviction and remand this case for additional proceedings consistent with this opinion.

## I. BACKGROUND

In 1997, a 17-year-old defendant had consensual sex with his girlfriend, resulting in a CSC-IV conviction. For more than a decade, defendant had to register as a sex offender, but in 2011, acting under the authority granted by MCL 28.728c(14)(a), a circuit court relieved him of these requirements. In 2021, 24 years after his conviction, defendant sought to have this sex offense wholly expunged from his record.

Defendant explained that the CSC-IV and the 2003 marijuana convictions were the entirety of his criminal history and that he had been a law-abiding citizen since. Defendant started a carpet

-1-

cleaning business in 2012, and while the business had done well, having a sex offense on his record has cost him numerous business opportunities. This lost business could have helped defendant support his wife of 17 years, who had been diagnosed with Multiple Sclerosis. The couple also has two teenage children, and this criminal record has cost him opportunities to coach their sports teams and attend various extracurricular trips. More generally, having this over his head has made it difficult for defendant to be as involved in his community as he would like.

Defendant's request was met with opposition from the county prosecutor's office; the basis for this opposition was a pair of marijuana-related convictions that the prosecution argued barred expungement. The court, based on an erroneous interpretation of the relevant expungement statutes, set aside the marijuana convictions but not the sex offense conviction.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's decision on an application to set aside a conviction for an abuse of discretion. MCL 780.621d(13). "A trial court abuses its discretion when its decision falls outside the range of principled outcomes." *People v Danto*, 294 Mich App 596, 599; 822 NW2d 600 (2011). "A trial court also necessarily abuses its discretion when it makes an error of law." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015).

We review de novo the interpretation and application of statutes and court rules. *People v Kimble*, 470 Mich 305, 308-309; 684 NW2d 6696 (2004).

> This Court's primary goal in construing a statute is to determine and give effect to the intent of the Legislature, turning first to the statutory language to ascertain that intent. In construing a statute, we interpret defined terms in accordance with their statutory definitions and undefined terms in accordance with their ordinary and generally accepted meanings. When statutory language is unambiguous, judicial construction is not required or permitted because the Legislature is presumed to have intended the meaning it plainly expressed. [*People v Campbell*, 329 Mich App 185, 193-194; 942 NW2d 51 (2019) (quotation marks, citations, and alteration omitted).]

## III. RELEVANT LAW

Section 1 of the setting aside convictions act (SACA), MCL 780.621 *et seq*., provides in relevant part:

> (1) Except as otherwise provided in this act, a person who is convicted of 1 or more criminal offenses may file an application with the convicting court for the entry of an order setting aside 1 or more convictions as follows:

> (a) Except as provided in subdivisions (b) and (c), a person convicted of 1 or more criminal offenses, but not more than a total of 3 felony offenses, in this state, may apply to have all of his or her convictions from this state set aside.

\* \* \*

-2-

(d) A person who is convicted of [CSC-IV] before January 12, 2015 may petition the convicting court to set aside the conviction if the individual has not been convicted of another offense other than not more than 2 minor offenses. . . . [MCL 780.621.]

When presented with a qualifying application, the court must determine whether "the circumstances and behavior of" the applicant "warrant setting aside the conviction or convictions" and whether "setting aside the conviction or convictions is consistent with the public welfare," and if both of these conditions are met, then "the court may enter an order setting aside the conviction or convictions." MCL 780.621d(13). "The setting aside of a conviction or convictions under this act is a privilege and conditional and is not a right." MCL 780.621d(14).

Finally, Sections 2 and 3 of SACA outline the impact of a court's decision to set aside a criminal conviction. Subsection 1 of Section 2 provides: "Upon the entry of an order under section 1 . . . the applicant, for purposes of the law, is considered not to have been previously convicted, except as provided in this section and section 3." MCL 780.622(1). Subsections (2) through (9) outline caveats applicable to the general rule that a prevailing applicant is no longer considered to have been convicted of the pertinent offense. Examples include barring remission of fines incurred for conviction of the offense, the lack of impact on the applicant's restitution obligations, and the ongoing right of victims to seek civil remedies. MCL 780.622(2)-(9). Section 2 outlines the duty of the state police to maintain nonpublic records of the set-aside convictions and the limited circumstances under which these records may be divulged to a limited set of governmental bodies. MCL 780.623.

## IV. HARMONIZATION OF SECTIONS 1 AND 2

Resolution of this appeal requires us to harmonize MCL 780.621(1)(d) with MCL 780.622(1). We interpret MCL 780.622(1) to mean that a conviction set aside pursuant to MCL 780.622(1)(a) does not preclude the setting aside of a conviction pursuant to MCL 780.622(1)(d).

"[P]arts of the same statute must be construed as harmonious to effectuate the intent of the Legislature." *Burkhardt v Bailey*, 260 Mich App 636, 651; 680 NW2d 453 (2004). Ascertaining a harmonious construction of these provisions involves application of a well-established principle of statutory construction: *expressio unius est exclusio alterius*. "[T]he maxim expressio unius est exclusio alterius (the expression of one thing suggests the exclusion of all others) means that the express mention of one thing in a statutory provision implies the exclusion of similar things." *People v Carruther*, 301 Mich App 590, 604; 837 NW2d 16 (2013). "[A]lthough only an aid to interpretation," this maxim is a useful tool for ascertaining the Legislature's intent. *Id*.

In a vacuum, the plain language of MCL 780.621(1)(d) is unambiguous; defendant's marijuana convictions bar the court from setting aside his CSC-IV conviction. However, the language of MCL 780.622(1) is also unambiguous; once a conviction is set aside, the person, "for the purposes of the law, is considered not to have been previously convicted . . . ." These provisions can easily be read in concert with one another. Because a person who has their convictions set aside is not considered to have ever been convicted, that person is not considered to "have been convicted of" the offense that was set aside for the purposes of MCL 780.621(1)(d). This reading is bolstered with the application of traditional rules of statutory construction. MCL

780.622 provides of list of exceptions to the general statement that the defendant is no longer deemed to have been convicted after the conviction is set aside, and this list does not include an application to have a CSC-IV conviction set aside. Presumably, if the Legislature had intended that MCL 780.622(1) would not apply to MCL 780.621(1)(d), it would have included such an exception in MCL 780.622 and the defendant would not be eligible to have the CSC-IV conviction set aside.

Therefore, we interpret MCL 780.622(1) to mean that once a conviction is set aside pursuant to MCL 780.621(1)(a), that conviction shall not bar a court from setting aside a CSC-IV conviction pursuant to MCL 780.621(1)(d) in a subsequent ruling.

## V. NECESSITY OF MULTIPLE PETITIONS

We conclude that the Legislature did not intend that defendant be barred from having all three of his convictions set aside in concurrent proceedings.

Having established that an expunged conviction no longer bars the setting aside of a separate CSC-IV conviction, there remains a procedural issue. Can all three convictions be set aside in a single proceeding or must a second petition to set aside the CSC-IV conviction be brought after the marijuana convictions are set aside? With respect to this question, the statute is silent, and either interpretation can reasonably be viewed as consistent with the plain language of the statute. On the one hand, at the time defendant petitioned to set aside his CSC-IV conviction, the marijuana convictions had not been set aside yet. Therefore, a reasonable interpretation of MCL 780.621(d) leads to a conclusion that the CSC-IV conviction cannot be set aside until after the marijuana convictions are set aside. However, another reasonable interpretation would posit that the court's decision to set aside the marijuana convictions empowers it to also set aside the CSC-IV conviction. In other words, the court's decision to grant or deny expungement of the CSC-IV decision would be contingent not only on the applicant's behavior and an assessment of the public welfare, MCL 780.621d(13); it would also be contingent on the court's decision regarding whether to set aside the marijuana convictions.

A statute "is considered ambiguous when it is susceptible to more than one reasonable interpretation." *People v Rutledge*, 250 Mich App 1, 5; 645 NW2d 333 (2002). Because the statute is reasonably susceptible to either meaning detailed above, it is ambiguous. Courts "may look beyond the language of the statute to determine legislative intent only when the language of the statute is ambiguous." *People v Burger*, 331 Mich App 504, 512; 953 NW2d 424 (2020). "The meaning of statutory language, plain or not, depends on context." *Rutledge*, 250 Mich App at 6 (quotation marks, citation, and alteration omitted).

In order to comply with the statute, the court would simply need to expunge the marijuana convictions before it expunges the CSC-IV convictions. While each was made on the same petition, defendant has actually made three distinct requests. The court's ruling seems to suggest an erroneous belief that these requests must be decided simultaneously. However, there is no reason why the court should not set aside the marijuana convictions, note for the record that it has become free to set aside the CSC-IV conviction, and then proceed accordingly. In other words, we agree with the following portion of the letter written by an Assistant Attorney General to offer guidance during the pendency of this case:

In this matter, if the court is to grant the applicants [sic] motion to set aside the two convictions under MCL 333.7401(d)(3), then the conviction under MCL 750.520e would be statutorily eligible to be set aside under MCL 780.621. For clarity, the conviction under MCL 750.520e, would not be eligible to be set aside unless the court grants the set aside of the convictions under MCL 333.7401(d)(3).

The Attorney General does not object to the court conducting all the set aside hearings at one time, rather than making the applicant apply again, if the court indeed does grant the set aside in two convictions under MCL 333.7401(d)(3).

We agree with the Attorney General's reasoning and adopt it here.

Moreover, adding the unnecessary burden of an additional procedural hurdle is not consistent with the Legislature's intent. When SACA is viewed as a whole, it is clear that the Legislature's intent was to create a path through which offenders can have their records cleaned of less serious convictions if doing so serves the public welfare. Requiring the trial court to set aside the marijuana convictions and the CSC-IV conviction in separate proceedings would do nothing to advance this legislative intent. Furthermore, such an interpretation would put an unnecessary strain on the court system's resources. See generally *People v Hammond*, 187 Mich App 105, 111-112; 466 NW2d 335 (1991) (recognizing "the state's interest in . . . judicial economy"). This conclusion is further bolstered by the fact that, pursuant to MCL 780.621d(5), the trial court's construction would require defendant to wait an additional three years to have the CSC-IV conviction expunged simply because he included it in the same petition as the marijuana conviction. It seems highly unlikely that the Legislature intended for a small and understandable technical error to be sanctioned with a three-year delay.

For these reasons, we conclude that the trial court was permitted to set aside defendant's marijuana convictions and his CSC-IV conviction in the same proceeding after the court ruled on the record effective immediately that the marijuana convictions were expunged.

## VI. CONCLUSION

We conclude that the trial court's decision to set aside the marijuana convictions enabled it to subsequently set aside the CSC-IV conviction during the same proceeding; its decision to the contrary was based on an erroneous interpretation of MCL 780.621(1)(d). A court "necessarily abuses its discretion when it makes an error of law." *Al-Shara*, 311 Mich App at 566. Therefore, we vacate the trial court's order to the extent that it denied defendant's application to set aside his CSC-IV conviction. This case is remanded to the trial court to exercise the discretion conferred upon it by MCL 780.621d(13) and decide whether to set aside defendant's CSC-IV conviction. Because the marijuana convictions have already been expunged, they are no longer a barrier to the expungement of the CSC-IV conviction. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Noah P. Hood