*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

ANTHONY JOHN CAROLLO,

Defendant-Appellee.

UNPUBLISHED
May 21, 2025
1:34 PM

No. 370436
Mackinac Circuit Court
LC No. 23-004402-FH

Before: MARIANI, P.J., and MALDONADO and YOUNG, JJ.

PER CURIAM.

Defendant, Anthony Carollo, printed a fraudulent license plate in Macomb County and affixed it to a Lipari Foods work truck. A different person then drove that truck across the state, ultimately getting pulled over in Mackinac County. The Mackinac County prosecutor filed charges against Carollo for unlawful acts done in Macomb County, which resulted in a reversal by this Court based on improper venue. The Mackinac County prosecutor now tries for the second time to prosecute Carollo in Mackinac County for those same acts under a different subsection of the relevant statute. We affirm the circuit court's dismissal of this case, finding venue remains improper.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As mentioned, this case returns to this Court on appeal for the second time.[1] In its first appeal, this Court summarized the facts as follows:

[M]ost of the facts of this case are not in dispute. Michigan State Police Motor Carrier Officer Geoffrey Guthrie observed a southbound Lipari Foods commercial semitrailer approaching the toll plaza for the Mackinac Bridge using the wrong lane, which meant that the weight-in-motion sensors in the roadway would not register the vehicle's weight.

---

[1] *People v Carollo*, unpublished per curiam opinion of the Court of Appeals, issued December 15, 2022 (Docket No. 360716).

Officer Guthrie pulled the vehicle over after it passed through the toll booth. As the vehicle pulled over, Officer Guthrie noticed that the trailer's registration plate did not appear "to be correct." Officer Guthrie spoke with [Carollo], who is Lipari Foods' safety and compliance officer, by phone during the traffic stop. [Carollo] told Officer Guthrie that the trailer's permanent registration plate had been either lost or stolen. [Carollo] eventually told Officer Guthrie that he used his computer to create a paper plate that closely matched the size, shape, font, "and everything about a Michigan permanent trailer plate" and that he "printed it off so that the trailer could continue in service without being stopped by law enforcement." [Carollo] placed the printed registration plate on the trailer. [*Carollo*, unpub op at 1-2.]

Carollo was initially charged under MCL 257.257(1)(b)[2] and argued that venue was improper in Mackinac County. Both the district court and circuit court found that venue was proper. This Court reversed the circuit court's denial of Carollo's motion to quash, agreeing with Carollo that Mackinac County was not the proper venue. This Court concluded that the relevant inquiry was not whether Carollo was "purporting" to have a false plate in Mackinac County, but whether his act of forging the false plate occurred there. It was undisputed that that act instead occurred entirely in Macomb County.

Following reversal, the prosecution refiled charges against Carollo under MCL 257.257(1)(d), which prohibits holding or using a certificate of title, registration certificate, or registration plate knowing that it has been altered, forged, or falsified. The district court relied on MCL 762.8[3] and found that Carollo engaged in two or more acts to commit the felony charge under MCL 257.257(1)(d). The first act, placing the false plate on the truck, took place in Macomb County. However, the second act, "using" that false plate, took place in Mackinac County. The district court bound Carollo over for trial.

After bind over to the circuit court, Carollo filed a motion to quash the charges. The prosecutor argued that venue was proper in Mackinac County and that a violation under MCL 257.257(1)(d) consisted of two acts, including (1) using or holding a forged plate, and (2) knowing that the plate would be used in multiple counties. The prosecutor argued that Carollo was "using" the plate when he put the forged registration plate on the trailer and the trailer set out on the roadways and that the "use" was an ongoing act as long as the forged registration plate was attached to the trailer. Carollo argued that MCL 257.257(1)(d) requires only one act when one "holds or uses" a registration plate knowing it has been forged or falsified and that the act only occurred in Macomb County as opposed to Mackinac County. He argued that "knowing" is not a

---

[2] MCL 257.257(1)(b) states, in pertinent part, a person who "[f]orges or counterfeits a certificate of title, registration certificate, or registration plate purporting to have been issued by the department. . . ." is guilty of a felony.

[3] MCL 762.8 states, "[w]henever a felony consists or is the culmination of 2 or more acts done in the preparation of the felony, the felony may be prosecuted in any county where any of those acts were committed or in any county that the defendant intended the felony or acts done in perpetration of the felony to have an effect."

separate criminal act under the statute and that there was no language within the statute allowing for him to be charged in the county where the plate was used.

The circuit court agreed with Carollo, finding that he did not "use" a forged registration plate in Mackinac County and granted his motion to quash. This appeal from the prosecution followed.

## II. ANALYSIS

The prosecution argues that the circuit court erred in limiting the term "uses" as provided in MCL 257.257(1)(D). We disagree and affirm.

### A. ISSUE PRESERVATION AND STANDARD OF REVIEW

The prosecution raised its statutory interpretation claim before the circuit court in its answer to Carollo's motion to quash. Therefore, this issue is preserved. Preserved errors regarding a question of statutory interpretation, construction, and application are reviewed de novo. *People v Hawkins*, 340 Mich App 155, 173; 985 NW2d 853 (2022). We also review de novo "the bindover decision to determine whether the district court abused its discretion . . . ." *Id*. (citation omitted).

### B. THE CIRCUIT COURT CORRECTLY INTERPRETED MCL 257.257(1)(D)

According to the prosecution, Carollo is properly prosecuted for violating MCL 257.257(1)(d) in Mackinac County because Carollo used a false plate, the use of that plate continued into Mackinac County, and Carollo knew its use would so continue. We first turn to the plain language of the statute. MCL 257.257(1)(d) states, in pertinent part, "[a] person who commits any of the following acts is guilty of a felony: . . . (d) [h]olds or uses a certificate of title, registration certificate, or registration plate knowing that it has been altered, forged, or falsified."

When interpreting a statute, the primary goal is to determine and give effect to the intent of the legislature by first looking to the language of the statute. *People v Morrison*, 328 Mich App 647, 651; 939 NW2d 728 (2019). If the statutory language is plain and unambiguous, "the Legislature's intent is clearly expressed, and judicial construction is neither permitted nor required." *People v Costner*, 309 Mich App 220, 224; 870 NW2d 582 (2015). A statute is considered "ambiguous" when it is susceptible to "more than one reasonable interpretation," and courts may look beyond the language of the statue to determine legislative intent only when the language of the statute is ambiguous. *People v Rutledge*, 250 Mich App 1, 5; 645 NW2d 333 (2002). When an ambiguity is present "the intent of the Legislature must be put into effect by reasonably construing the statute, considering its purpose and the object it seeks to accomplish." *Keweenaw Bay Outfitters & Trading Post v Dept of Treasury*, 252 Mich App 95, 97; 651 NW2d 138 (2002).

The offense at issue here imposes sanctions on one who *holds or uses* a registration plate knowing that it has been altered, forged, or falsified. MCL 257.257(1)(d). The Michigan Vehicle Code does not define the word "uses." *Black's Law Dictionary* (6th ed) and *Merriam-Webster's Collegiate Dictionary* (11th ed) define "use" as: "to put or bring into action or service; to avail

oneself of."[4] This is the definition relied upon by the circuit court when it found Carollo's "use" of the plate concluded in Macomb County. We agree with this statutory interpretation by the circuit court.[5] The prosecution stresses that use of the false plate continued after the truck left Macomb County, but it fails to explain how *Carollo's* use of it did.[6] Our analysis could end here because neither party focuses on "holds"[7] and the word "use" is not ambiguous because it has the same or similar definition in both legal and lay dictionaries. Therefore, it is not "susceptible to more than one reasonable interpretation." *Rutledge*, 250 Mich App at 5.

However, concluding here would not completely address the prosecution's argument, as particularly in the reply brief, the prosecution highlights "knowing" of the use of the plate as Carollo's criminal behavior in Mackinac County. Carollo himself may have only held or used the plate in Macomb County, but Carollo *knew* of its use throughout the state, which is, according to the prosecution, the very conduct criminalized under MCL 257.257(1)(d).

This Court addressed a similar argument by the prosecution as to subsection (b) in the first appeal. Subsection (b) states a person who "forges or counterfeits a certificate of title, registration certificate, or registration plate purporting to have been issued by the department. . . . " is guilty of a felony. In the first appeal, the prosecutor emphasized the word "purporting" rather than the leading verbs "forges" and "counterfeits." Essentially, the prosecution argued Carollo was "purporting" the plate to be legitimate all across Michigan, namely Mackinac County. This Court explained that "purporting" was not an independent actus reus, but rather a "participial adjective":

---

[4] *Black's Law Dictionary* (12th ed), the most recent edition, defines "uses" as "[t]o employ for the accomplishment of a purpose; to avail oneself of[.]"

[5] While the prosecution correctly observes that the circuit court did not analyze the factual findings of the district court in its decision to quash the information, the circuit court did not have to. Its ruling was based entirely on statutory interpretation which is done de novo. And, for the reasons stated above, we believe the circuit court correctly interpreted the plain language of the statute. Contrary to the prosecutor's argument, the circuit court did find a mistake of law in the district court's ruling. A mistake of law based on statutory interpretation is an abuse of discretion, so the circuit court did not shirk its responsibility to review under that standard. *People v Lucynski*, 509 Mich 618, 633 n 5; 983 NW2d 827 (2022).

[6] Relatedly, we see no merit in the prosecution's suggestion that this interpretation of the statute would wholly eliminate criminal liability for use of a false plate at any point after that use first started. The analysis above recognizes that, in this case, the use of the false plate by the particular individual being prosecuted—which entailed creating the plate and affixing it to the truck—did not extend beyond Macomb County. It does not purport to speak to the criminal liability that may attach to others' use of the plate thereafter.

[7] But for clarity, *Black's Law Dictionary* defines "hold" as "to possess by lawful title." It would seem that mere possession of a counterfeit plate one knows is counterfeit would be criminal as well as using the same. In any event, as with his use of the false plate, there is nothing to suggest that Carollo could be considered to have held the false plate in Mackinac County.

-4-

The word "purporting" as used in MCL 257.257(l)(b) is not a verb but is instead a participial adjective that modifies the nouns "certificate of title, registration certificate, or registration plate." See Purdue University, Purdue Online Writing Lab (OWL), Participles <https://owl.purdue.edu/owl/general_writing/mechanics/gerunds_participles_and _infinitives/participles.html> (accessed December 6, 2022). Accordingly, the clause "purporting to have been issued by the department" serves to modify, and identify the operative characteristic of, the certificate of title, registration certificate, or registration plate that has been forged or counterfeited. [*Carollo*, unpub op at 3-4.]

After interpreting "purporting" in this manner, this Court held that "[t]he criminal act is making a certificate of title, registration certificate, or registration plate that has this defining characteristic [purporting to have been issued by the department]." *Id.* at 5. This Court noted that the behavior the prosecution tried to describe as "purporting" was actually criminalized in subsection (d): "holding or using a certificate of title, registration certificate or registration plate knowing that it has been altered, forged, or falsified." *Id.* at 4.

At issue in this appeal is subsection (d), which provides that a person who "[h]olds or uses a certificate of title, registration certificate, or registration plate knowing that it has been altered, forged, or falsified. . . . " is guilty of a felony. Unlike "purporting" in subsection (b), "knowing" here is not a participial adjective because it does not modify the nouns in subsection (d). But, like "purporting" in subsection (b), "knowing" is not an independent actus reus in subsection (d). Instead, "knowing" is the mens rea required for the criminal acts prohibited under subsection (d). Put differently, one can commit the criminal act of using a forged title, but if that same person does not know of the forged nature of that title, that person has not committed a crime under MCL 257.257(d). That is in keeping with the structure of the statute as a whole. Subsections (a), (b), (c), (f), and (g) criminalize behavior that one undertakes themselves—altering, forging, falsifying, counterfeiting, indicating. Subsections (d) and (e) criminalize the possession, use, and sale of something that is falsified or forged by oneself or another *if* the falsified nature is known to the possessor/user/seller. In all subsections, one has knowledge of the criminal behavior.[8]

---

[8] As in the first appeal, the prosecution's attempted reliance on MCL 762.8 is misplaced, because the felony at issue here does not consist of nor is the culmination of two or more acts. Instead, as discussed, the felony at issue entails one criminal act, which took place solely in Macomb County.

Here, no one debates that Carollo knew of the false nature of registration plate. He made it himself. What the circuit court recognized, though, is that Carollo's "use" of the plate ceased in Macomb County. The use of the plate itself did not cease, as the prosecutor emphasizes. The plate was used all across Michigan by Lipari Foods through a driver that is not Carollo. But, Carollo is not being prosecuted as an arm of Lipari Foods, he is being prosecuted as an individual. Because the circuit court correctly observed that Carollo's use of the plate ceased in Macomb County, we affirm.

/s/ Philip P. Mariani
/s/ Allie Greenleaf Maldonado
/s/ Adrienne N. Young